## Rayman *v.* Klare, Appellant.

*Real estate—Agreement of sale—Covenant to convey free from encumbrances—Land subject to mining rights—Recovery of hand money.*

When a vendor has agreed in writing to convey certain real estate in fee simple free from all encumbrances, the vendee is not required to accept the property where the coal under the land and the right to mine same had been sold by a prior owner, and can recover back hand money paid to the vendor upon the execution of the agreement.

Argued October 11, 1913. Appeal, No. 232, Oct. T. 1913, by defendants, from judgment of C. P. Somerset Co., Feb. T., 1912, No. 280, directing verdict in favor of plaintiff in case of A. E. Rayman v. M. E. Klare and G. L. Klare. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover hand money paid the defendants

upon execution of agreement by them to sell certain real estate to the plaintiff. Before RUPPEL, P. J.

At the trial it appeared that, on December 27, 1911, M. E. Klare and G. L. Klare, the defendants, agreed in writing, to sell to H. E. Rayman, the plaintiff, two certain lots of ground, in the mining town of Jerome, Somerset County, wherein they undertook to make, execute and deliver a good and sufficient deed for the proper conveying and assuring of the said premises in fee simple, free from all encumbrances, and dower or right of dower, with clause of general warranty, on or before February 1, 1912, for the consideration of $17,-000.00, of which $2,000.00 was paid at the signing of the agreement.

After the agreement was signed, Rayman caused the title to be examined, and found that all the coal underlying said lots had been sold by a former owner thereof, with the right to the owners or operators of the coal to dig air shafts, and dump waste material thereon, and any damages done to the surface by reason thereof, to be paid at double the assessed value of the land at the time the deed for the coal was made.

The defendants tendered a deed to plaintiff for the lots during the latter part of January, 1912, containing a clause that the conveyance was made subject to the coal and mining rights theretofore granted and conveyed. Plaintiff refused the deed and demanded a deed in conformity with the written agreement, or a return of the $2,000.00 paid thereon.

Defendants refused to return the two thousand dollars and plaintiff sued for the same. The court directed a verdict for the plaintiff, upon which judgment was subsequently entered. Defendants appealed.

*Error assigned,* inter alia, was the action of the court in directing a verdict for plaintiff.

*J. G. Ogle,* for appellants.

C. W. Walker, with him Alexander King, for appellee.

PER CURIAM, November 8, 1913: ·

This action was to recover the hand money paid the defendants upon the execution of an agreement by them to sell to the plaintiff certain real estate. By the terms of the agreement the defendants were to convey to the plaintiff the property in question in fee simple, free from all encumbrances. The coal under the land had been sold by a prior owner with the right to mine by such means as might be necessary, and to haul through the mine opened coal from mines that might be opened on other land; to maintain an air shaft and haul roads and to dump waste on the surface. The deed tendered by the defendants and refused by the plaintiff was subject to these coal and mining rights. It is too clear to admit of argument that the title tendered was not of the whole thing sold, and that it was subject to rights previously granted which made it not free of encumbrance. A verdict was properly directed for the plaintiff. The judgment is affirmed.